Welch, J.
The question as to the suretyship of the parties stands upon the record as a question of fact, and as to that we need only .say, that we think the court rightly found the fact in favor of the plaintiff below.
The sufficiency of the other two defenses (the want of notice, and the statute of limitations) depends upon the character we assign to this action. If we are to regard it merely as the old action of assumpsit—an action upon an implied contract, to recover money ■equitably due—either defense is a good bar to the action. That a ■co-surety can not sustain an action for contribution without first giving notice of the payment, is expressly decided in Williams v. Williams, 5 Ohio, 446, and in Carpenter v. Nelly, 9 Ohio, 106. And section 14 of the code provides, that actions upon implied contracts not in writing, must be brought within six years. But if the action is to be considered in the light of a ^proceeding in equity, to be subrogated to the rights of the creditor, and to enforce his júdg *506 ment, then one of two things must follow: Either the plaintiff has all the rights of a judgment creditor, and there is no limitation upon his judgment, and, of course, no necessity of notice, or the case is-to be regarded as an action for equitable relief, limited by section 18 of the code to ten years; and the want of notice would only affect the question of costs. Under the code of civil procedure, the more form of the action is to be disregarded. We may, therefore, consider the action in either light—as a simple action to recover money paid, or an action to obtain relief by subrogation—as substantial justice between the parties requires. As a simple action to recover-money, it is admitted that it is barred by the limitation of six years. Can it be sustained, under the circumstances of the case, as an action, for subrogation to the rights of the creditor, and for execution of the judgment?
The plaintiff’s counsel say it can not, in the first place, because-the judgment was extinguished by the payment, and therefore there is no right loft in the judgment creditor to which the plaintiff can be substituted. It is undeniable that all the English cases, and most of the earlier American cases, are to this effect, and there is some conflict among later decisions on the subject. But it is now generally held that, although payment of a judgment or other security docs, in fact and in law, extinguish the security, yet, as between the co-debtors themselves, and as between them and third persons, it may he considered as still subsisting. The doctrine seems to be, that where equity requires it, cither for the purpose of enforcing equitable contribution, or to place the debtor, as to third persons, on the higher ground of right occupied by the creditor, payment will bo hold as prima facie evidence of an intention to be subrogated to the creditor’s rights, and not utterly to extinguish the security; and where it is claimed that such extinguishment was-intended, affirmative proof to that effect must be adduced. This doctrine, though resting upon a fiction, seems to us to be equitable and just, and we feel at liberty, in the absence of decisions on the subject in Ohio, to adopt it as the law in such cases. Where equity ^requires it, and where the debtor does not actually intend to put an end to his rights under the security, there is no good reason for refusing him the benefit of the security technically extinguished by the payment, any more than there is for refusing him the benefit of collateral securities, which are not extinguished by the payment.
*507 But it is contended, also, that the limitation for six years is a bar to the action, in all cases where the judgment or other security has in fact been extinguished by payment whether the recovery of the money equitably due is sought by simple action therefor, or by aid of the fiction of substitution; and that costs in such cases can not be recovered without previous notice of the payment. A majority of the court believe this to be the law of the caso( and that the court below erred in holding otherwise.
By the code (secs. 14 and 18), actions on implied contracts are limited to six years, and actions for equitable relief to ten years. For the purposes of limitation, to which class should this case be assigned ? We think it belongs to the former. In its essential character—its facts, and its ultimate object—it is nothing but an action to'recover money paid by the plaintiff for the benefit of the defendants. If the action had been in that simple form, everj fact stated in this petition would have been necessary to sustain it—the joint obligation, the judgment, and the payment—and in addition, theaverment of notice. The prayer, too, would have been substantially the same. Then the prayer would have been that the-plaintiff recover the money; here, it is that he be considered as substituted, and that he recover the money. The recovery of the money is the main thing, and the fiction is the incident. The one is the-object or end sought to be attained, and the other the means resorted-to in aid of its attainment. It is only by establishing the fact that money is due, that the party-is allowed to invoke the aid of the-fiction that there is still a subsisting judgment. Until that fact is-established the judgment is considered, as. it really is, satisfied and extinguished. The condition upon which the fiction may be resorted to is, that the plaintiff shall first prove every fact necessary to sustain an action on the implied contract. Until that is done the -(judgment is held to be absolutely satisfied and extinguished. When it is done, the whole case is proved; and without it there is no case, either for equitable relief, or for the recovery of' money. The party against whom the imaginary relief is said to be sought has no interest left to be affected by the proceeding, is not made a party, and it is difficult to see why he is a necessary party.
If the judgment had in fact been kept alive, either by voluntary assignment of the creditor, or by decree in equity in a proceeding against him, the case would have been wholly different. It is true, there would then have been no limitation; for the very good reason, *508 ¡however, that there would have been no action to limit. . Here it is ¡.admitted an action of some kind is indispensable, and must be ■subject to limitation, and the question is as to the nature of the .-action, and the period of its limitation.
It is also true, 'that an action merely for subrogation is an action •for equitable relief, and falls under the limitation of ten years. But .such an action is properly one for relief against the creditor, and not against the co-debtor; and generally the former is the sole party • defendant thereto. If, for special reasons, the co-debtor is also made a party, it is only in exceptional cases. Here, the case is not • only reversed and the co-debtor made a party without any such special reasons, but he is the only party defendant. The party .against whom the “equitable relief,” which it is claimed gives character to the action, is sought to be obtained, is not before the •court; and the only defendant is a party whose liability is to be maintained, if at all, by proof of facts on which the law raises an implied contract to refund money which has been paid for his benefit. Such an action, brought against such a party, it seems to us, is an action upon an implied contract, within the meaning of the 8th section of the code. So far as the defendant is concerned, it is either limited under that section, or is not limited at all, his •only liability being upon the original judgment. The action, so far as it is one for relief—that is, for authority to own and control that judgment—is not an action against, him. But it is not an ■action for such relief. It is an action by the party already having the equitable *right, against the only party to be affected by the proceeding, to recover the money paid.
Statutes of limitation are statutes of repose, and the periods of limitation are graduated, mainly, with reference to the nature of •the evidence oil which the actions rest, or by which they can be defeated. The evidence in an action for subrogation is certain and enduring, mainly consisting of records or written contracts. The action for money paid, or, if you please, the right to the aid of a fiction in the prosecution of the action, rests in parol proof of a frail and perishable nature. It rests in proof of verbal contracts ■ and relations of parties, in proof of the payment of money, and the dates and amounts of payment. If my co-debtor takes an assignment of the creditor’s security, I know where I stand, and act accordingly ; prosecuting the necessary action, and husbanding and preserving my means of defense. But if he puts the transaction in *509 the form of a cancellation of the debt, I rest in the belief that we-will be placed by the law upon equal footing, in regard to evidence ■ and limitation; and, therefore, I pretermit my actions, and rely upon parol proof of parol liability, of counter-claim, and of set-off.. After he has suffered the judgment for six yeará*to remain as if satisfied and extinguished, I have a right, so far as any claim upon me for contribution is concerned, to assume that he has elected so-to consider it absolutely. Granted, that he has the right to the use of the fiction of revivor, he can not use it to entrench upon my means of defense. One of those means of defense is, and in Ohio always has been, to insist on a limitation of six years to actions-resting on proof of this nature. It would seem absurd to say that the limitation should be made to depend upon the form of the-prayer in such cases. If the prayer is to have a judgment for' the amount due, the action is limited to six years; but if the prayer—upon the same identical facts—is to be considered assubrogated, and to have execution upon, or a revivor of the old judgment, for the same amount, it is limited to ten years. Unless-we regard the form, and disregard the substance, the limitation in both cases should be the same; and so to admit, is to admit that it should be six years in both cases. In Pennsylvania, whose-courts seem *to have taken the lead in establishing the doctrine of a fictitious revivor of the satisfied security in such cases, it has been uniformly held that it is not to be resorted to ■ where it will have the effect to defeat the defendant’s right to plead the statute of limitations. We are satisfied that this is a just and. salutary rule. It enlarges the remedies of the plaintiff without diminishing the substantial rights of the defense ; and it is in consonance with the spirit of the code, which intends that an action* shall take character from the facts on which it is founded, and the ultimate object to be attained, rather than from the form of proceeding by which that object is reached.
The judgments below are reversed.
Day and BíhnkerhÓee, JJ., concurred.
Soott, C. J., and White, J., dissented as to the third proposition: of the syllabus.